IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELVIN THORNTON, | ) |
| | ) |
| Plaintiff, | ) **CIVIL ACTION** |
| | ) |
| v. | ) Case No. 06-1238-MLB |
| | ) |
| MITTEN, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER AND MEMORANDUM

I.    **INTRODUCTION**

This case, filed four days before the running of the statute of limitations, alleges negligent repair of a truck, with injuries resulting to the driver of that truck.  The case comes before the court on Defendant's motion for summary judgment (Doc. 31).  For reasons stated herein, Defendant's motion for summary judgment is DENIED.

II. **ALLEGED FACTS**

Plaintiff, a truck driver, sues Defendant, a truck stop, on the basis of negligent repair.  Plaintiff alleges that on August 19, 2004, Defendant's mechanic performed temporary mechanical repairs on Plaintiff's truck.  In the process of these repairs, Plaintiff claims that the mechanic removed two bolts, then proceeded to replace the bolts to their original positions, but failed to adequately tighten the bolts using a wrench.  Instead, Plaintiff alleges that the mechanic merely tightened the bolts by

hand.

Upon the completion of the temporary repairs, Plaintiff drove away from Defendant's shop, and arranged for permanent repairs the following day at another shop.  Plaintiff asserts that these repairs were completed, but that the bolts in question were not involved in the repair.  Plaintiff continued driving the truck for a week before allegedly sustaining injuries resulting from Defendant's mechanic's supposed failure to tighten the bolts.

On August 26, 2004, Plaintiff claims that he was exiting his truck, when the leg of his jeans caught upon one of the bolts which had loosened and was protruding between 1 and 1.25 inches. Plaintiff contends that the protruding bolt caused him to fall forward, out of his truck, and onto the crushed-rock parking lot. There were no witnesses to the alleged fall, and Plaintiff claims that he donated the ripped jeans to Goodwill.  Plaintiff claims to have suffered injury of sufficient severity to satisfy the amount in controversy requirement of diversity jurisdiction.

**III. STANDARD FOR SUMMARY JUDGMENT**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here.  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

The Court must view all the evidence, and draw all reasonable inferences, in the light most favorable to the non-moving party. Murphy v. SmithKline Beecham Animal Health Group, 898 F.Supp. 811, 813 (D. Kan. 1995) (citing United States v. O'Block, 788 F.2d 1433, 1435 (10th Cir. 1986)). In order to prevail, Defendant must not only show an absence of any genuine issue of material fact, but also that Defendant is entitled to judgment as a matter of law. See Adler, 144 F.3d at 670. If sufficient evidence exists on which a trier of fact could

reasonably find for the plaintiff, summary judgment is inappropriate. See Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).  "Summary judgment is seldom proper in negligence cases." Phillips v. Carson, 731 P.2d 820, 829 (Kan. 1987).  The court goes on to state that "[t]his does not mean, however, that summary judgment is never appropriate in negligence cases." Id. at 829.  Simply because a plaintiff raises a claim of negligence he is not absolved from meeting the same standard as in other cases.

## IV.  ANALYSIS

Contrary to Defendant's argument, there do appear to be issues as to material facts.  The most important examples concern whether a breach of duty occurred, and whether there was causation.  Plaintiff asserts that Defendant's mechanic failed to tighten a particular bolt using a wrench, but admits that he was not watching the mechanic at all times.  Defendant responds that the bolt was tightened, but does not produce evidence from the mechanic who tightened the bolt.  Plaintiff claims that the un-torqued, protruding bolt caused him to fall from his truck.  Defendant responds that it is not possible for the bolt in question to protrude far enough to create a hazard.  On these two issues of material fact, the parties cannot agree; therefore, the question is one for a fact-finder to resolve.

The issues are genuine because a reasonable trier of fact

could decide either way.  It is possible that a jury will believe
Plaintiff's claim that the bolt was not tightened with a wrench,
even though the assertion is grounded only on circumstantial
evidence, because there is no evidence that it was improperly
torqued.  It is also possible that a jury could find that
Plaintiff has failed to satisfy his burden of proof of
negligence.  The issue of causation is also open to
interpretation.  A jury could find persuasive Plaintiff's claim
that the bolt protruded to a sufficient degree as to catch on the
leg of Plaintiff's jeans.  On the other hand, because no
independent witness saw the fall or the allegedly protruding
bolt, a jury could find that the accident did not happen, or that
if it did, the bolt did not cause it.

The court is not in a position to pass judgment on the
weight or credibility of the evidence presented.  Rather, the
court must make all reasonable inferences in favor of the
Plaintiff.  While the court questions the sufficiency of
Plaintiff's evidence, it is not appropriate at this juncture to
usurp a role otherwise reserved for a jury.  The court finds that
there are genuine issues of material fact which must be resolved
by a jury.[1]

---

[1]In his response to Defendant's motion for summary judgment
(Doc. 33), Plaintiff states that he has proven "that the cause of
his accident was Defendant's failure to properly tighten a bolt
on his truck."  (Doc. 33 at 9).  Plaintiff is very much mistaken.
He has merely succeeded in asserting a genuine issue of material

V.    **CONCLUSION**

For reasons stated herein, Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated this <u>23rd</u>   day of July 2007, at Wichita, Kansas.


<u>    S/Monti Belot        </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

fact.  Whether or not he has proven anything is a question the court reserves for a jury.
Defendant cites <u>Wasson v. Brewer's Food Mart, Inc.</u>, 7 Kan.App.2d 259, rev. denied 231 Kan. 802 (Kan. 1982)for the proposition that a plaintiff must prove both negligence and causation.  The court is quite familiar with <u>Wasson</u> but declines to apply it here because <u>Wasson</u> was not decided upon a motion for summary judgment.  Instead, a jury was given the opportunity to hear the evidence and return a verdict, which was later set aside on appeal.